UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ISAAC OLAOGUN,

     Plaintiff,

v.                                    Case No:   6:19-cv-339-Orl-40TBS

BANK OF AMERICA N.A.,

     Defendant.

_____

## ORDER

The parties held their FED. R. CIV. P. 26(f) conference on March 7, 2019 (Doc. 36 at 3), and their ability to engage in discovery commenced that day. FED. R. CIV. P. 26(d)(1). On April 25, 2019 Defendant served written discovery on Plaintiff (Doc. 51, ¶ 5). When Plaintiff failed to respond as required by the Federal Rules of Civil Procedure, Defendant did not file a motion to compel. On May 30, 2019, Defendant requested dates when it could depose Plaintiff (Id., ¶ 7). Plaintiff did not provide a substantive response and on June 12, 2019, Defendant sent a notice of taking Plaintiff's deposition with the date and time left blank (Id., ¶¶ 8-9). Plaintiff answered Defendant's written discovery on June 24, 2019 but failed to provide a response concerning his deposition (Id., ¶¶ 10-11). On June 26, 2019 Plaintiff's lawyer advised that his client is in Nigeria and will be unable to appear for deposition in the United States before the current July 11, 2019 discovery deadline (Id., ¶ 12).

Now, this case comes before the Court on Defendant's Unopposed Motion for Extension of Time to Conduct Plaintiff's Deposition (Doc. 51). Defendant seeks an enlargement of time, from July 11, 2019 to August 12, 2019 to depose Plaintiff, and an

extension to file dispositive motions from August 1, 2019 to September 2, 2019 (Id.).

Plaintiff does not oppose the motion provided the discovery deadline is also extended so

that he can depose Plaintiff (Id., at 3-4). If Plaintiff wants an enlargement of time, he

should file his own motion.

The granting of Defendant's motion would require modification of the Case

Management and Scheduling Order ("CMSO") (Doc. 41). The CMSO can only be

modified "upon a showing of good cause." FED. R. CIV. P. 16(b). "This good cause

standard precludes modification unless the schedule cannot 'be met despite the diligence

of the party seeking the extension.'" Sosa v. Airprint Systems, Inc., 133 F.3d 1417, 1418

(11th Cir. 1998) (quoting FED. R. CIV. P. 16 advisory committee note). "'If [a] party was not

diligent, the [good cause] inquiry should end.'" Id. (quoting Johnson v. Mammoth

Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). Defendant's motion fails to

demonstrate due diligence in taking discovery or in seeking Court intervention when

Plaintiff violated his discovery obligations.

The CMSO provides:

> ### B. Extension of Deadlines
>
> The parties may not extend deadlines established in this Case
> Management and Scheduling Order without the Court's
> approval.
>
> 1. **Dispositive Motions Deadline and Trial Not Extended** – Motions
> to extend the dispositive motions deadline or to continue trial
> are generally denied. *See* Local Rule 3.05(c)(2)(E). The Court
> will grant an exception only when necessary to prevent
> manifest injustice. A motion for a continuance of the trial is
> subject to denial if it fails to comply with Local Rule 3.09. The
> Court cannot extend a dispositive motions deadline to the eve
> of trial. In light of the district court's heavy felony trial calendar,
> at least 4 months are required before trial to receive
> memoranda in opposition to a motion for summary judgment

and to research and resolve the dispositive motion sufficiently in advance of trial.

2. **Extensions of Other Deadlines Disfavored** – Motions for an extension of other deadlines established in this order, including motions for an extension of the discovery period, are disfavored. The deadline will not be extended absent a showing of good cause. Fed. R. Civ. P. 16(b). Failure to complete discovery within the time established by this Order shall not constitute good cause for continuance. A motion to extend an established deadline normally will be denied if the motion fails to recite that: 1) the additional discovery is necessary for specified reasons; 2) all parties agree that the extension will not affect the dispositive motions deadline and trial date; 3) all parties agree that any discovery conducted after the dispositive motions date established in this Order will not be available for summary judgment purposes; and 4) no party will use the granting of the extension in support of a motion to extend another date or deadline. The movant must show that the failure to complete discovery is not the result of lack of diligence in pursuing discovery. Local Rule 3.09(b).The filing of a motion for extension of time does not toll the time for compliance with deadlines established by Rule or Order.

(Id. at 6-7) (Highlighting in original). Defendant's motion also fails to satisfy the requirements of the CMSO. Manifest injustice has not been shown, and the parties have not agreed as required for the granting of an extension.

For all of these reasons, Defendant's motion is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on July 1, 2019.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record